1  **WO**                                                                SC
2
3
4
5
6              **IN THE UNITED STATES DISTRICT COURT**
7                    **FOR THE DISTRICT OF ARIZONA**
8
Nick R. Wenzel,                    )   No. CV 09-1927-PHX-MHM (JRI)
                                   )
       Plaintiff,                  )   **ORDER**
                                   )
vs.                                )
                                   )
Joseph M. Arpaio, et al.,          )
                                   )
       Defendants.                 )
                                   )

Plaintiff Nick R. Wenzel, who is now confined in the Arizona State Prison Complex, Gila Unit, in Douglas, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1] Plaintiff has also sent a letter to the Court, which has been filed as a notice.[2] (Doc.# 5.) The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $85.07. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate

---

[1] "Doc.#" refers to the docket number of filings in this case.

[2] In the letter, Plaintiff seeks information regarding the assigned case number because his copy of the notice of assignment was apparently misplaced after his transfer to prison. The case number appears above.

**JDDL-K**

Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would

undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff alleges three claims for failure to protect, constitutionally inadequate medical care, and state law negligence regarding events while he was held as a pretrial detainee in Maricopa County's Fourth Avenue Jail. Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio; the Maricopa County Sheriff's Office (MCSO); Maricopa County; Maricopa County Correctional Health Services (CHS); ABC agencies 1-10; ABC Companies 1-10; and Does 1 to 20. Plaintiff seeks compensatory relief.

Plaintiff alleges the following facts in his Complaint: On November 5, 2008, Plaintiff and 27 other pretrial detainees were to be transported from the Fourth Avenue Jail to court in Glendale. Deputy A handcuffed Plaintiff and chained his legs to several other detainees before putting the detainees into the transport vehicle. Plaintiff and other detainees noticed a strong smell of alcohol from Deputy A. Plaintiff asked Deputy A whether he had arrests for driving under the influence. Deputy A told Plaintiff that he had been arrested at least four times before being hired by MCSO and assigned as a transportation officer and driver. Plaintiff objected to overcrowding and the lack of seats and safety restraints for the detainees, but Deputy A ordered Plaintiff into the vehicle and to sit on the floor. Deputy A drove the vehicle erratically causing the detainees to be shaken, thrown, and buffeted. When they arrived at the Glendale court, Deputy A drove the vehicle into a side wall of the court building, which Plaintiff attributes to being inebriated. Plaintiff's back, neck, and right leg were injured, although Plaintiff does not describe the nature or severity of his injuries. Plaintiff was denied immediate medical attention and Deputy A and other officers refused to call police or emergency medical personnel, but instead forced the detainees into a small holding pen. Plaintiff attempted to inform Deputy A and other officers of his "serious

injuries," but he was "deliberately ignored." (Doc.# 1 at 3C.)

**IV.     Failure to State a Claim Under § 1983**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.     Fictitious Defendants**

Plaintiff sues numerous fictitiously-identified Defendants without alleging how any fictitiously-named Defendant violated his constitutional or statutory rights. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants fictitiously as John Doe 1, John Doe 2, John Doe 3, and so on, and allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights. Where an unknown defendant is an entity, a plaintiff may refer to that entity as Doe Entity 1, Doe Entity 2 and so. He must also allege facts to support that the entity acted under color of state law and how it violated the

1 plaintiff's constitutional rights. The plaintiff may thereafter use the discovery processes to
2 obtain the names of fictitiously-named defendants whom he believes violated his
3 constitutional rights and seek leave to amend to name those defendants.

### B. MCSO

Plaintiff also sues MCSO; however, it is not a proper Defendant. In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff and the County. See A.R.S. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101. MCSO is simply an administrative creation of the sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. Accordingly, MCSO will be dismissed from this action as a Defendant.

### C. Sheriff Arpaio

Plaintiff sues Maricopa County Sheriff Arpaio. Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff merely makes vague and conclusory assertions that Arpaio was aware of "unlawful conduct" of subordinate staff that violated Plaintiff's constitutional rights. As noted above, *respondeat superior* does not support liability under § 1983 and Plaintiff fails to allege *facts* to support that Arpaio enacted or enforced a policy, custom, or practice that

1 resulted in the denial of Plaintiff's constitutional rights. Plaintiff also fails to allege *facts* to 2 support that Arpaio directly violated his constitutional rights or that he was aware that 3 Plaintiff's rights were being violated but failed to act. Plaintiff therefore fails to state a claim 4 against Arpaio in his Complaint.

### D. Maricopa County

Plaintiff also sues Maricopa County. A municipality, such as Maricopa County, may not be held liable unless its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. 658, 694 (1978). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005). Therefore, a plaintiff cannot state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such policy or custom caused his injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff makes only vague and conclusory assertions that Maricopa County has a custom, practice or policy that resulted in a denial of Plaintiff's constitutional rights. He does not allege facts to support that Maricopa County maintains a policy or custom that resulted in the violation of his constitutional rights. Therefore, he fails to state a claim against Maricopa County.

### E. Threat to Safety/Failure to Protect

In Count I, Plaintiff alleges a claim for threat to his safety or failure to protect. Jailors are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated

1 under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Id.; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff alleges that he smelled alcohol on Deputy A. Plaintiff does not allege facts to support that he reported this to any other officer or facts to support that any officer was aware of facts from which the inference could be drawn that Deputy A was driving under the influence. Plaintiff therefore fails to state a claim for failure to protect or threats to his safety against any Defendant.

### F. Medical Care

In Count II, Plaintiff alleges that he received constitutionally inadequate medical care. To state a claim for a constitutional violation regarding medical care, a plaintiff must allege facts to support that he has or had a serious medical need and that a particular defendant acted with deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (Eighth Amendment standard for convicted inmates); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (Fourteenth Amendment standard for unconvicted inmates). To allege a serious medical need, a plaintiff must set forth facts to support that the "'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)). Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Mere negligence, however, "'in diagnosing or treating a medical condition, without more, does not

violate a prisoner"s Eighth Amendment rights.'" Lopez, 203 F.3d at 1131 (quoting Hutchinson, 838 F.2d at 394). Further, a delay in receiving medical care, without more, is insufficient to state a claim against a jailor for deliberate indifference unless the plaintiff can show that the delay in treatment harmed him. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In addition, differences in judgment between an inmate and jail medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges that after arrival at the Glendale court, Deputy A and other officers refused to provide emergency medical attention or to take him to the hospital. Plaintiff was then transported back to the Fourth Avenue Jail, where he was taken to the medical station for transport to the Maricopa County Medical Center. Several hours later, Plaintiff was examined by a doctor and a CAT scan was ordered. The same afternoon, a doctor prescribed pain medication, recommended an MRI, and a follow-up examination. The next day, November 6, 2008, Plaintiff was examined by a doctor at the Fourth Avenue Jail and was prescribed pain medication. On November 20, 2008, Plaintiff was charged $20 by Maricopa County Correctional Health Services for his medical appointment. Plaintiff contends that he has received no additional follow-up care and that multiple health needs requests have been ignored or denied.

Plaintiff does not describe the nature or severity of any injury, nor does he allege facts to support that any injury was readily apparent to staff such that the failure to seek emergency treatment constituted deliberate indifference. Further, while Plaintiff contends that he received no further medical follow-up after an examination the day after the accident, he does not allege what, if any, symptoms he continued to suffer or their severity. For these reasons, Plaintiff fails to state a claim for deliberate indifference to a serious medical need.

## V.  State Law Claim

In Count III, Plaintiff alleges a state law claim for negligence pursuant to the Court's supplemental jurisdiction. This claim will be dismissed without prejudice. Where a federal

court has original jurisdiction over an action, such as a case asserting violations of 42 U.S.C. § 1983, the doctrine of pendent jurisdiction allows a federal court to exercise "pendent" or "supplemental" jurisdiction over closely related state law claims. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C. § 1367(a)). Because Plaintiff has failed to state a federal constitutional claim in his Complaint, the Court declines to exercise jurisdiction over any state law claim and will dismiss such claims without prejudice. 28 U.S.C. § 1367(c).

## VI. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint,

1 is **granted**. (Doc.# 3.)

2     (2)    As required by the accompanying Order to the appropriate government agency,
3 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $85.07.

4     (3)    The Complaint (doc.# 1) is **dismissed** for failure to state a claim. Plaintiff has
5 **30 days** from the date this Order is filed to file a first amended complaint in compliance with
6 this Order.

7     (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
8 Court must, without further notice, enter a judgment of dismissal of this action with prejudice
9 that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

10     (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
11 rights complaint by a prisoner.

12     DATED this 17th day of November, 2009.

_____
Mary H. Murgula
United States District Judge